ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Green Valley Company ) ASBCA No. 61275
)
Under Contract No. W912D1-05-A-0063 )

APPEARANCE FOR THE APPELLANT: Salma William Saikaly, Esq.
                              Willoughby Hills, OH

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
                                 Army Chief Trial Attorney
                                 CPT William T. Wicks, JA
                                 Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MELNICK
ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Green Valley Company (Green Valley) seeks the payment of invoices it presented in 2006 under a Blanket Purchase Agreement (BPA) with the United States Army. The government correctly responds that Green Valley's 2017 certified claim that it submitted to the contracting officer was time-barred. Accordingly, summary judgment is granted to the government. Green Valley's appeal is denied.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On April 26, 2005, the United States Army Regional Contracting Command SWA-Kuwait (the government) executed the BPA identified above with Green Valley. The BPA was for the supply of life support services, including water supply and removal, portable latrines and toiletry for United States military forces in Kuwait. (R4, tab 9) Between January 2 and October 2, 2006, Green Valley invoiced the government for services performed under the BPA (compl. ¶ 2; gov't mot. at 2). On May 18, 2007, the United States Army debarred Green Valley until December 1, 2009 (R4, tab 419; compl. ¶ 5; gov't mot. at 2).

On March 9, 2017, Green Valley submitted a certified claim to the contracting officer for payment of its unpaid invoices in the amount of 427,822.96 Kuwaiti Dinars (R4, tabs 484-85; compl. ¶ 10; gov't mot. at 3). The unpaid invoices were for a period ranging from December 1, 2005 to September 23, 2006 (*id.* at 4). The claim was denied by contracting officer decision dated June 7, 2017 (R4, tab 485). This appeal followed.

## DECISION

The government seeks summary judgment on the ground that Green Valley's claim is time-barred. Under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, a timely claim must be submitted to the contracting officer within six years after accrual. 41 U.S.C. § 7103(a)(4). Summary judgment will be granted to the government on this issue if there are no genuine issues of material fact and the government is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adamant Grp. for Contracting and Gen. Trading*, ASBCA No. 60316, 16-1 BCA ¶ 36,577 at 178,134. A claim accrues when "all events, that fix the alleged liability of...the Government...and permit assertion of the claim, were known or should have been known." FAR 33.201. Although an invoice that is not in dispute when submitted is not a claim, it may be converted to one by a written notice to the contracting officer "if not acted upon in a reasonable time." FAR 2.101; *see Adamant Grp.*, 16-1 BCA ¶ 36,577 at 178,134.

It is undisputed that Green Valley submitted the invoices that are the subject of the claim to the government between January and October of 2006. Green Valley knew or should have known it could convert them to a claim within a reasonable time after that. However, Green Valley waited over a decade, until 2017, to do so. That is well more than six years after it became reasonable to convert the invoices to a claim.

Green Valley maintains that the six-year limitation period to submit its claim should be equitably tolled. Equitable tolling might be appropriate when "a litigant has (1) been pursuing [its] rights diligently, and (2) some extraordinary circumstance 'stood in [its] way and prevented timely filing.'" *Adamant Grp.*, 16-1 BCA ¶ 36,577 at 178,136 (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016)). Green Valley argues that from November 5, 2009, until December 16, 2016, it was a defendant in a government lawsuit filed in the United States District Court for the Western District of Texas. It contends that it could not submit its claim for the invoices while that matter was pending, and that if it had the government would have pursued fraud based defenses and causes of action against it, exposing it to harsh legal consequences. It argues that it was therefore required to forego the submittal of its claim while it diligently worked to relieve itself from debarment and the government suit.

Green Valley has not demonstrated the elements of equitable tolling. It has not shown that the pendency of a government suit against it in district court, or its debarment, prevented it from submitting a CDA claim. Nor does it explain why the possibility that the government might respond to its claim with fraud based defenses or causes of action would block it from submitting a claim. The mere fact that such a response from the government might be undesirable to Green Valley is irrelevant. Thus, there is no basis for concluding Green Valley diligently pursued its rights and that some extraordinary circumstance prevented it from advancing its claim.

2

Accordingly, equitable tolling is inapplicable and Green Valley's claim is time-barred under the CDA.

## CONCLUSION

The government's motion for summary judgment is granted. The appeal is denied.

Dated: 13 February 2018

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61275 Appeal of Green Valley Company rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3